IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISHANA RETHERFORD**,
an individual,

    Plaintiff/Counter-Defendant,

v.

**PORTLAND PUBLIC SCHOOLS**, a school
district; **EMILY GASGOW**, an individual,

    Defendants/Counter-Claimants.

Case No. 3:18-cv-00401-JR

OPINION AND ORDER

**MOSMAN, J.,**

On December 3, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [57], recommending that Defendants' Motion for Summary Judgment [36] be denied in part and granted in part. Defendants objected [59], and Plaintiff filed a response to the objection [61].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

I agree with Judge Russo's reasoning and with her recommended disposition of Defendants' motion. I do, however, make some modifications to the scope of that disposition.[1] Judge Russo recommended that I grant Defendants' motion with respect to every one of Plaintiff's claims but one—Plaintiff's race discrimination claims under 42 U.S.C. §§ 1981, 2000(e)-2(a), and O.R.S. § 659A.030(1)(a). For reasons I discuss below, I adopt that recommendation, with some modification.

Judge Russo found that a reasonable juror could conclude Plaintiff experienced an adverse employment action as the result of her race and that Defendant had not offered a legitimate, non-discriminatory reason for taking that action against Plaintiff. F&R [57] at 29, 50-52. Specifically, Judge Russo found that a reasonable juror could conclude Plaintiff was subject to an adverse employment action when Defendant assigned her additional responsibilities early in the school year. *Id.* at 29. Those duties were: funneling non-grade level and special needs students into plaintiff's classroom periodically throughout the day, allowing other staff to observe plaintiff's teaching, permanently transferring a troublesome student ("J") into Plaintiff's classroom, assigning two students of color to Plaintiff's class, and asking plaintiff to deal with an

---

[1] Briefly, it appears that Judge Russo inadvertently misstated a small element of her analysis with regard to Plaintiff's First Amendment § 1983 claim. The question is whether any adverse employment action *post-dated* Plaintiff's protected speech, not pre-dated, as the F&R states. F&R [57] at 41. Judge Russo's analysis is otherwise correct, and I adopt it in full with this one minor revision.

2 –OPINION AND ORDER

African-American parent because Defendant Emily Glasgow believed Plaintiff "would understand [them] better." *Id.*

Judge Russo then considered all of these discrete actions together when she considered whether Plaintiff had presented a *prima facie* case of race discrimination. F&R [57] at 50. She found that "at least some of the additional tasks were assigned to plaintiff precisely because she was a teacher of color, and no equivalent evidence exists in regard to [the other first-grade teacher] or any other Caucasian teacher." *Id.* She found that this was sufficient to present a claim for racial discrimination because Defendants had not presented a legitimate, non-discriminatory explanation for assigning those additional duties to Plaintiff. *Id.* at 51.

I disagree, with one exception. Most of the employment actions listed in the F&R are either not discriminatory or not adverse. Plaintiff has presented no evidence that Defendants' actions in funneling non-grade level or special needs students into her classroom or observing her teaching were racially motivated, and Judge Russo gives no grounds for an inference that they were.[2] As to transferring students of color into Plaintiff's classroom, I am unwilling to hold that this action is in any way "adverse" to Plaintiff. There is nothing adverse in having children of color in one's classroom, absent some additional evidence, such as a showing that the transfer

---

[2] Judge Russo cites *Cornwell v. Electra Credit Union* for the proposition that summary judgment in favor of defendant is not automatically warranted simply because there is a lack of relevant comparator evidence between plaintiff and similarly situated Caucasian employees. F&R [57] at 50 n. 16, citing to *Cornwell v. Electra Cent. Credit Union*, 2004 WL 817145, 6 (D. Or. Apr. 13, 2004), *aff'd in relevant part*, 439 F.3d 1018 (9th Cir. 2006). That case is only somewhat helpful here. The plaintiff in *Cornwell* did show that (1) he was the only person demoted in his organization; (2) some of his duties were reassigned to a Caucasian employee; and (3) at least one Caucasian vice president (plaintiff's equivalent position) was not demoted. *Id.* That is comparator evidence, even if it is limited to a handful of other employees. Here, Plaintiff has not made an equivalent showing. She has not even shown that she received less favorable treatment than the other first-grade teacher at her school. I decline to infer a racial motivation to explain seemingly routine work assignments at an elementary school, where Plaintiff has offered neither an explicit racial motive nor any comparator evidence of any kind.

increased the size of the class to an unmanageable level. Plaintiff has made no showing of this kind, and I decline to hold that the student transfer was an adverse employment action.

I do agree with Judge Russo with respect to the conversation Plaintiff was asked to have with an African-American parent. Being asked to have a potentially difficult or awkward conversation is "adverse." And there is evidence in the record that this action was taken with Plaintiff's race as the motivating factor. F&R [57] at 29. Defendants have offered no legitimate, non-discriminatory purpose for asking Plaintiff to have this conversation. I therefore DENY Defendants' motion with respect to that employment action only. I GRANT the motion as to all other aspects of Plaintiff's claim.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [57], subject to the modifications discussed above, and I GRANT in part and DENY in part Defendant's Motion for Summary Judgment [36].

IT IS SO ORDERED.

DATED this 13 day of January, 2020.

MICHAEL W. MOSMAN
United States District Judge